UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x INDEX NO.:
DESIREE DIAZ, ERIN ANDERSON-WRAPP,
BRIAN DONOVAN, RONALD WASHINGTON,
PETER BARRIOS, and all those similarly situated,

Plaintiff,

-against-

BRANDS LBNY CORPORATION d/b/a
BRANDS DELI,

Defendant.
-------------------------------------------------------------------x

Plaintiffs, by their attorneys, Slater Slater Schulman LLP, complaining of Defendant, respectfully alleges, upon information and disbelief, the following:

## **NATURE OF THE CASE**

1. Plaintiffs worked for Defendant Brands LBNY Corporation (hereinafter referred to as “Brands Deli”) as cooks and counter clerks in Long Beach, New York, from in or around 2021 through present.
2. Plaintiffs regularly worked over forty hours per week, but Defendant did not pay them time and a half for the overtime hours they worked each week. Furthermore, Plaintiffs did not receive spread of hours pay and Defendant failed to provide them with wage notices and wage statements at the end of each pay period, as required by New York law.
3. Plaintiffs were paid at rates ranging from \$15.00 to \$19.00 per hour during their employment. Irrespective of the number of hours worked per week, at no time did

Defendant pay overtime at one and one-half times Plaintiffs' regular hourly rate nor they receive any tips. Defendant issued payment for Plaintiffs' first forty (40) hours worked cash weekly, and for any overtime hours worked Plaintiffs were not properly paid as New York Law. Upon information and belief, Defendant utilized cash pay to Plaintiffs in an attempt to not pay overtime pay requirements of the Fair Labor Standards Act ("FLSA"), New York Labor Law § 160 *et seq*. ("NYLL"), and The Wage Theft Prevention Act ("WPTA").

4. Plaintiffs bring this action as a class and collective of similarly situated former employees to seek redress against Defendant for Defendant's failure to pay Plaintiffs at Brands Deli overtime pay, failure to pay spread of hour, failure to provide proper statements with each payment of wages and failure to provide annual wage rate notifications in violation of the FLSA, NYLL, and the WPTA.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331, and has supplemental jurisdiction over Plaintiffs claims under the NYLL and WPTA pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant's conduct a significant amount of business within this judicial district.

## PARTIES

### Plaintiffs

7. Plaintiff Desiree Diaz is a resident of Nassau County, the State of New York.
8. Defendant employed Diaz as a Counter clerk from 2022 through November 2023.

9. Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.
10. Plaintiff Erin Anderson-Wrapp is a resident of Nassau County, State of New York.
11. Defendant employed Anderson-Wrapp as a Counter clerk from 2022 through October 2024.
12. Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.
13. Plaintiff Brian Donovan is a resident of Nassau County, State of New York.
14. Defendant employed Donovan as a cook from 2022 through November 2023.
15. Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.
16. Plaintiff Ronald Washington Jr. is a resident of Nassau County, State of New York.
17. Defendant employed Washington as a Counter Clerk and cook from 2023 through November 2023.
18. Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.
19. Plaintiff Peter Barrios is a resident of Nassau County, State of New York.
20. Defendant employed Barrios as a Counter Clerk from 2021 through October 2023.
21. Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

**Defendant**

22. Brands Deli is a deli known for subs, sandwiches, salads and catering in Long Beach, New York. Throughout Plaintiffs' employment with Defendant, Plaintiffs worked between the hours of 6:00 a.m. and 4:00 p.m., Sunday through Saturday. Plaintiffs worked on average sixty to seventy hours (60-70) hours per week.
23. Defendant Brands Deli is a domestic corporation organized and existing by virtue of the laws of the State of New York.

24. Defendant is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed the Plaintiffs.

## FACTS

25. Defendant owns and operates a deli known as “Brands Deli”, located at 44 West Park Avenue, Long Beach, New York 11561.
26. Brands Deli is a deli that is known for subs, sandwiches, breakfast options and catering.
27. Brands Deli has been in operation since 2012.
28. Plaintiffs and those similarly situated work duties included cooking, cleaning, and counter clerk.
29. Throughout Plaintiffs’ employment Defendant never properly recorded Plaintiffs’ hours worked.
30. Throughout Plaintiffs employment Defendant failed to provide wage statements to Plaintiffs at the end of each pay period.
31. For each week that Plaintiffs worked overtime in excess of forty (40) hours per week, Defendant paid Plaintiffs regular hourly pay instead of getting paid time and a half for their overtime hours worked.
32. Upon information and belief, Defendant paid Plaintiffs in the form of cash and failed to provide wage statements at the end of each pay period as required under FLSA and NYLL.

### Overtime

33. Plaintiffs and other similarly situated workers were and entitled to be paid at least the greater of one and one-half times the federal and New York State minimum wage or their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to 29 U.S.C. § 207 and the NYLL.

34. Defendant continued to maintain, a policy and practice of failing to pay their employees the greater of one- and one-half times the federal or New York State minimum wage or their regular hourly work rate for any hours that they work in excess of 40 per workweek.

35. During the relevant time periods, Defendant did not pay Plaintiffs and other similarly situated workers one- and one-half times the greater of the federal or New York State minimum wage or their regular hourly work rate for any hours that they worked in excess of 40 per workweek, in violation of the FLSA and NYLL

**Plaintiffs' Wages and Hours worked**

36. Plaintiff Diaz was employed by Defendant from November 2022 through November 2023 as a counter clerk. For each week of her employment, Ms. Diaz worked from 7:00 a.m. to 4:00 p.m., Monday through Saturday.

37. Plaintiff Anderson-Wrapp was employed by Defendant from May 2022 through October 2024 as a counter clerk. For each week of her employment, Mrs. Anderson-Wrapp worked from 6:00 a.m. to 3:00 p.m., six to seven days a week.

38. Plaintiff Brian Donovan was employed by Defendant from November 2022 to November 2023 as a cook. For each week of his employment, Mr. Donavan worked from 6:00 a.m. to 4:00 p.m., five to six days a week.

39. Plaintiff Ronald Washington Jr. was employed by Defendant from February 2023 to November 2023, as a counter clerk and cook. Mr. Washington worked from February 2023 to the end of May 2023 2 days a week due to school. From June 2023 to November 2023 Mr. Washington worked 8:00 a.m. to 4:00 p.m., Monday through Saturday.

40. Plaintiff Peter Barrios was employed by Defendant from June 2021 to October 2023, as a counter clerk. For each week of his employment, Mr. Barrios worked from 6:00 am to 3:00 p.m., Monday through Saturday.

41. At all relevant times, each of the Defendant maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiffs' employment and payment of wages and were Plaintiffs' employer as defined under the FLSA and NYLL.

42. The work performed by Plaintiffs were non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

43. Plaintiffs were entitled to be paid at least one and one-half of Plaintiffs' respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

44. Throughout Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

45. At no time during Plaintiffs' employment were Plaintiffs paid one and one-half times Plaintiffs' regular hourly rate for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

46. At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

47. At all relevant times, Plaintiffs were entitled to annual Wage Theft Prevention Act notifications notifying Plaintiffs of Plaintiffs' hourly rate of pay.

48. At no time during Plaintiffs' employment were Plaintiffs provided with proper wage payment statements and WTPA notifications.

**COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiffs brings this action on behalf of Plaintiffs and all other persons who were or are employed by Defendant pursuant to 29 U.S.C. §216(b).

50. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

51. Plaintiffs brings Plaintiff's FLSA claims on behalf of Plaintiffs and others similarly situated, namely employees of Defendant who worked as Counter Clerks and Cooks from the period of January 1, 2021, to the date of final judgment in this matter, who were not paid their full overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "Brands Deli Collective").

52. Upon information and belief, the Brands Deli Collective consists of over five (5) similarly situated individuals who have not been paid their full overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

53. Defendant have failed to pay all overtime wages owed to employees other than those in the Brands Deli Collective, and Plaintiff reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

54. Defendant are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and others similarly situated.

55. Those similarly situated potential collective members are known to Defendant, are readily identifiable, and can be located through Defendant' records.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action as representatives of a class of all other persons similarly situated.

57. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring their claims for relief to redress Defendant's violations of the New York Labor Laws on behalf of themselves collectively, and each of them individually and on behalf of those similarly situated.

58. Pursuant to F.R.C.P. 23 (b)(1), class certification is appropriate in the within action because the prosecution of separate actions by class members would result in either inconsistent adjudications establishing incompatible pay practices, and/or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

59. Pursuant to F.R.C.P. 23 (b)(3), class certification is appropriate in the within action because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Plaintiffs seeks the certification of a class of all persons who, during the relevant time period of January 1, 2021 to the date of final judgment in this matter, have been employed by Defendant as counter clerks and cooks; were not paid overtime wages for hours worked in excess of forty (40) hours per week; and were not provided wage payment statements and annual hourly wage rate notifications (hereinafter referred to as the "Brands Deli Class").

61. Upon information and belief, the Brands Deli Class includes over five (5) similarly situated individuals who have not been paid overtime wages, have not received wage payment

statements and annual hourly wage rate notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

62. The Brands Deli Class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

63. There are questions of law and fact common to all members of the Brands Deli Class and those questions predominate over any question affecting only individual class members. Defendant have acted on grounds generally applicable to all class members, in that Defendant' acts and omissions constitute a violation of the wage laws of the State of New York.

64. Common questions of law and fact include, but are not limited to, the following:

65. Whether Defendant have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

66. Whether Defendant have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

67. Whether Defendant have consistently failed to provide wage payment statements as required by the NYLL; and

68. Whether Defendant have consistently failed to provide annual hourly wage rate notifications as required by the NYLL.

69. Plaintiffs' wage and hour claims and Defendant anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendant' anticipated affirmative defenses thereto.

70. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and has suffered similar injuries as, the members of the class Plaintiffs seek to represent.

71. Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor Plaintiffs' counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

72. Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

73. Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS-WIDE FACTUAL ALLEGATIONS

74. Plaintiff and members of the Brands Deli Class have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the NYLL by denying them, including without limitation, their full overtime wages, wage statements and annual hourly wage rate notifications.

75. As part of their ongoing business practice, Defendant have intentionally, willfully and repeatedly harmed Plaintiffs and the Brands Deli Class by engaging in a pattern, practice and/or policy of violating the NYLL.

76. Defendant has substantially benefitted and profited from the work that Plaintiffs and the Brands Deli Class have performed.

77. Defendant failed to keep accurate records of the hours worked by the Plaintiffs and the Brands Deli Class.

78. Defendant's unlawful conduct, policies and practices have been widespread, repeated, and consistent.

79. Defendant's conduct, policies, and practices as described herein are ongoing and continuing.

80. Defendant's conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Brands Deli Class.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**(Overtime under the FLSA)**

81. Plaintiffs repeat and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

82. At all relevant times, Plaintiffs and the Brands Deli Collective were employees of the Defendant within the meaning of 29 U.S.C. § 203(e), and Defendant employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

83. At all relevant times, Defendant engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

84. At all relevant times, Defendant's annual volume of business exceeds $500,000.00 and thus subjects Defendant to the requirements of the FLSA.

85. As the Defendant shared control of the services of the Plaintiffs and the Brands Deli Collective, Defendant are a single "employer" as defined by the Fair Labor Standards Act.

86. At all relevant times, Defendant are subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 et seq.
87. Defendant expected Plaintiffs and the Brands Deli Collective to work more than forty (40) hours a week, and Plaintiffs and the Brands Deli Collective regularly worked more than forty (40) hours a week throughout their employment.
88. At no time have the Defendant paid Plaintiffs and the Brands Deli Collective a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.
89. Defendant willfully, knowingly and intentionally did not compensate Plaintiffs and the Brands Deli Collective for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.
90. As a result of Defendant's violations of the law and failures to pay Plaintiffs and the Brands Deli Collective required overtime wages, Plaintiffs and the Brands Deli Collective have been damaged and are entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).
91. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Brands Deli Collective was in compliance with the law, Plaintiffs and the Brands Deli Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
**(Overtime under the NYLL)**

92. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

93. At all relevant times, Plaintiffs and the Brands Deli Class were employees and Defendant were their employers within the meaning of NYLL §§ 190, 651 and 652.

94. At all relevant times, Defendant are subject to the overtime wage requirements set forth in Article 19 of the NYLL.

95. Pursuant to NYLL § 650 et seq. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

96. Defendant expected Plaintiffs and the Brands Deli Class to work more than forty (40) hours a week, and Plaintiffs and the Brands Deli Class regularly worked more than forty (40) hours a week throughout their employment.

97. At no time have the Defendant paid Plaintiffs and the Brands Deli Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

98. Defendant willfully, knowingly and intentionally did not compensate Plaintiffs and the Brands Deli Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

99. As a result of Defendant's violations of the law and failure to pay Plaintiff's and the Brands Deli Class required overtime wages, Plaintiff's and the Brands Deli Class have been damaged and are entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

100. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Brands Deli Class was in compliance with the law, Plaintiffs

and the Brands Deli Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

**AS FOR THE THIRD CAUSE OF ACTION**
**(Wage Payment Statements under the NYLL)**

101. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

102. At all relevant times, Defendant failed to provide Plaintiffs and the Brands Deli Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

103. As Defendant failed to provide Plaintiffs and the Brands Deli Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs and the Brands Deli Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS FOR THE FORTH CAUSE OF ACTION**
**(Wage Theft Prevention Act Notification Under the NYLL)**

104. Plaintiffs repeats and realleged each and every allegation in the preceding paragraphs with the same force and affect as if fully set forth herein.

105. Defendant are obligated to provide Plaintiffs and the Brands Deli Class with an annual Wage Theft Prevention Act notification of Plaintiffs and the Brands Deli Class's pay rate upon the commencement of employment and annually thereafter.

106. At all relevant times, Defendant failed to provide Plaintiffs and the Brands Deli Class with Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

107. As Defendant failed to provide Plaintiffs and the Brands Deli Class with proper Wage Theft Prevention Act Notice upon the commencement of employment and annually

thereafter as required by NYLL § 195, Plaintiffs and the Brands Deli Class are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, on Plaintiffs' own behalf and on behalf of all others similarly situated, seek the following relief:

A. On the First Cause of Action against Defendant for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action against Defendant for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action against Defendant for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every workday in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action against Defendant for failing to provide annual wage rate notifications in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

E. Interest;

F. Costs and disbursements; and

G. Such other and further relief as is just and proper.

Dates: Melville, New York
April 25, 2025

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

John C. Luke, Jr.

John C. Luke, Jr.
*Attorney for named Plaintiffs*
*And all of those similarly situated*
445 Broad Hollow Road, Suite 419
Melville, New York 11747
(631) 420-9300